UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KATHERINE HENDERSON**,

    Plaintiff,

vs.

Case No.: 12-

**CHRYSLER GROUP, LLC,**
a Foreign Limited Liability Company,

    Defendant.

---

GASIOREK, MORGAN, GRECO & McCAULEY, P.C.
BY: DONALD J. GASIOREK (P24987)
Attorney for Plaintiff
30500 Northwestern Highway, Ste. 425
Farmington Hills, Michigan 48334
(248) 865-0001

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, by her attorneys, GASIOREK, MORGAN, GRECO & McCAULEY, P.C., and for her Complaint against Defendant states as follows:

### PARTIES

1. Plaintiff, KATHERINE HENDERSON, is an individual residing in Shelby Township, Macomb County, Michigan.

2. Defendant, CHRYSLER GROUP, LLC, is a Delaware Limited Liability Company**,** authorized to and doing business in Michigan, and at all relevant times, has a resident agent, registered office, and principal place of business located in Oakland County, Michigan.

## JURISDICTION AND VENUE

3. The amount in controversy in this civil action is in excess of Seventy-Five Thousand ($75,000.00) Dollars, and is otherwise within the jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§1331 and 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

5. Plaintiff's Complaint alleges violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

## COMMON ALLEGATIONS

6. Plaintiff's date of birth is May 19, 1964.

7. In February 1986, Defendant retained Plaintiff to perform contractor services.

8. On or about July 18, 1989, Plaintiff commenced employment with Defendant as a full time salaried employee.

9. Plaintiff, at all times, was a valued employee of Defendant and performed all the terms and conditions of her employment in a satisfactory and/or exemplary manner.

10. In or about 2010, Plaintiff was diagnosed with rheumatoid arthritis ("disability").

11. Plaintiff informed Defendant of her disability and of medical conditions or concerns related to her disability.

12. Plaintiff's disability was unrelated to her ability to perform the duties of her particular job without reasonable accommodation.

13. After informing Defendant of her disability, Defendant began treating Plaintiff differently and less favorably than similarly situated employees.

14. Defendant further subjected Plaintiff to unfair, unreasonable, and/or fraudulent criticism.

15. Plaintiff complained to Defendant that she was being treated unfairly.

16. In late April/early May 2011, Defendant asked Plaintiff if she would be interested in a position as an HR Generalist for Purchasing & Supplier Quality which position had been vacant for approximately two months.

17. Plaintiff was interested in the position but informed Defendant that her physician required her to undergo more aggressive treatment for her disability which treatment may require her to take a short medical leave of absence.

18. On or about May 12, 2011, Plaintiff went on an approved medical leave and/or FMLA leave of absence due to health conditions related to her disability.

19. On June 27, 2011, Plaintiff underwent an independent medical exam and was advised to return to work without restriction.

20. On June 28, 2011, immediately upon her return, Defendant placed Plaintiff on administrative leave and instructed her to contact its Human Resource personnel and to look for another position or she would be laid off.

21. That day (June 28, 2011), Plaintiff inquired whether the position for HR Generalist for Purchasing & Supplier Quality ("HR Generalist position") (which she had been offered prior to her medical leave) was still available, and Defendant falsely informed her that the position had been filled.

22. Upon information and belief, the HR Generalist position remained vacant until late July 2011.

23. Plaintiff, at all times, had the qualifications and experience necessary to fill the HR Generalist position.

24. On June 29, 2011, Defendant informed Plaintiff that she was eligible for FMLA leave due to her serious health condition.

25. Between June 28, 2011 and August 8, 2011, Plaintiff repeatedly contacted Defendant's Human Resource personnel and inquired about or applied for available positions. Defendant, however, refused to respond to Plaintiff's inquiries and/or told her that the positions were no longer available.

26. On August 8, 2011, Defendant informed Plaintiff that her position was eliminated, and she was laid off.

27. Defendant's termination reason ("layoff") was a pretext for discrimination.

28. Defendant terminated Plaintiff's employment, and/or selected her for termination, because of her FMLA leave, disability or perceived disability, and/or age.

29. Also on August 8, 2011, Defendant presented Plaintiff with a Separation and Release Agreement with instructions that such Agreement had to be signed in order for Plaintiff to receive Income Protection Plan ("IPP") Benefits.

30. The Separation and Release Agreement, however, provided that if Plaintiff signed the Agreement, Plaintiff would no longer be able to seek employment or become re-employed with Defendant or any of its subsidiaries or affiliates. (A copy of the Separation and Release Agreement is in Defendant's possession).

31. Defendant informed Plaintiff that if she did not sign the Separation and Release Agreement, she would *not* receive IPP Benefits; however, she would be entitled to work with Defendant's human resource personnel to identify, apply, and interview for open positions with Defendant.

32. Because Plaintiff wanted to continue working with Defendant, Plaintiff declined to sign the Separation and Release Agreement.

33. After August 8, 2011, Plaintiff repeatedly applied for open positions or vacancies within Defendant's organization which positions she was qualified and capable of performing.

34. Despite her qualifications for the positions, Defendant refused to interview and/or re-hire Plaintiff.

35. Specifically, on December 5, 2011, Plaintiff interviewed for a position as a model planner with Defendant and was told that she was the selected candidate and would receive an employment offer shortly.

36. On December 19, 2011, Defendant, contrary to its earlier promises and assurances, informed Plaintiff that she would *not* be hired into the position.

37. Defendant retaliated against Plaintiff and/or refused to re-hire her and/or place her in a position for which she was qualified because of her FMLA leave, disability, perceived disability, and/or age.

38. Upon information and belief, Defendant hired and/or placed younger less qualified employees who had not taken or requested an FMLA leave and/or who did not suffer a disability or perceived disability into the positions for which Plaintiff had applied.

39. It appears that reinstatement is impossible or impracticable. However, Plaintiff will consider accepting reinstatement to employment with Defendant if ordered by the Court.

## COUNT I:
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

40. Plaintiff incorporates each and every paragraph of this Complaint as though fully set forth herein verbatim.

41. Plaintiff suffered a health condition that required her to take a reasonable medical leave of absence.

42. Plaintiff is an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2).

43. Defendant is an "employer" as defined by the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2611 (4).

44. Defendant is subject to the requirements of and to liability under the FMLA, 29 U.S.C. §2601, *et. seq.*

45. Under the FMLA, an employer must restore an employee on FMLA leave to her or his position or to an equivalent one with equal pay and benefits.

46. The FMLA, 29 U.S.C. §2615 further makes it unlawful for any employer:

   a. To interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

   b. To discharge or discriminate against an employee because the employee has instituted or caused to be instituted a proceeding under or related to the FMLA.

47. Plaintiff, at all relevant times, was entitled to a medical leave under the FMLA and engaged in activity protected under the FMLA.

48. Plaintiff suffered an adverse employment action, and Defendant violated the FMLA in the following manner:

   a. Failing and refusing to restore Plaintiff to her position or to an equivalent one with equal pay and benefits once she returned from her medical leave of absence.

   b. Retaliating against Plaintiff because of a required FMLA leave of absence and/or her request for a leave.

   c. Treating Plaintiff more harshly than employees who did not request or take a FMLA leave.

    d.    Subjecting Plaintiff to performance standards which were unreasonable, arbitrary and capricious, and more strict and demanding than those established for employees who did not take or request a FMLA leave.

    e.    Terminating Plaintiff's employment because of her FMLA leave and/or request for a FMLA leave.

    f.    Refusing to re-hire Plaintiff and/or place her into a position for which she was qualified and capable of performing.

    g.    Otherwise discriminating against Plaintiff because of her leave of absence under the FMLA and/or because of her request for a leave.

49. A causal connection exists between the Plaintiff's FMLA leave of absence (and/or request for leave) and the Defendant's adverse employment action.

50. Defendant's violations of the FMLA were in bad faith.

51. As a direct and proximate result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages, including but not limited to, economic damages arising out of the loss of past and future employment income and employee benefits, monetary losses sustained as a direct result of Defendant's violations, and non-economic damages resulting from Plaintiff's physical injuries, mental anguish and anxiety, humiliation, emotional distress and loss of professional reputation and standing.

**WHEREFORE**, Plaintiff respectfully prays for a Judgment against Defendant and in her favor in whatever amount is shown to be established by the proofs in this cause, as well as liquidated damages, interest, costs and reasonable attorneys' fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

### COUNT II: VIOLATION OF MICHIGAN'S PERSONS' WITH DISABILITIES ACT

52. Plaintiff incorporates each and every paragraph of this Complaint as though fully set forth herein verbatim.

7

53. The Michigan Persons with Disabilities Act (MCLA §37.1101, *et. seq.*) guarantees Plaintiff that she has a right to be free of discrimination on account of any disability or perceived disability that she experiences.

54. Plaintiff is disabled as defined by the Michigan Persons with Disabilities Civil Rights Act.

55. Defendant is an employer within the meaning of the Michigan Persons with Disabilities Act.

56. Defendant, as Plaintiff's employer, was advised of Plaintiff's disability.

57. Defendant, at all relevant times, perceived Plaintiff as disabled.

58. Defendant violated Plaintiff's civil rights by discriminating against Plaintiff because of her disability or a perceived disability in the following respects:

   a. Terminating Plaintiff's employment because of her disability or a perceived disability.

   b. Refusing to re-hire Plaintiff and/or place her into a position for which she was qualified and capable of performing.

   c. Refusing to accommodate Plaintiff's disability which accommodation would not have caused an undue hardship on Defendant.

   b. Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment because of a disability or perceived disability.

   c. Treating disabled employees, including Plaintiff, differently than employees who were not disabled and/or engaging in a pattern and practice of discrimination.

   d. Limiting, segregating or classifying Plaintiff in a way which deprived or intended to deprive her of employment opportunities or otherwise adversely affecting the status of her employment because of a disability or perceived disability.

   e. Segregating, classifying or otherwise discriminating against and disparately treating Plaintiff on the basis of a disability or perceived disability with respect to the terms, conditions or privileges of employment.

  f.  Retaliating against Plaintiff because of her disability and/or perceived disability.

59. Defendant further violated the Persons with Disabilities Act by engaging in a pattern and practice of discriminating against disabled employees and/or persons who Defendant perceived as disabled.

60. As a direct and proximate result of Defendant's discriminatory and illegal acts, which acts were based on unlawful considerations of Plaintiff's disability or perceived disability, Plaintiff suffered damages, including but not limited to loss of past and future income and employee benefits, physical injuries, mental anxiety and emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully prays for a Judgment against Defendant and in her favor in whatever amount is shown to be established by the proofs in this cause, as well as interest, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

### COUNT III: ELLIOTT-LARSEN CIVIL RIGHT ACT- AGE DISCRIMINATION

61. Plaintiff incorporates each and every paragraph of this Complaint as though fully set forth herein verbatim.

62. Defendant is an "employer" within the meaning of the Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101, *et. seq.*

63. At all relevant times, Defendant had a duty under such Civil Rights Act not to discharge or otherwise discriminate against Plaintiff because of her age.

64. Defendant violated Plaintiff's civil rights by discriminating against Plaintiff because of her age, including but not limited to:

      a.      Terminating Plaintiff's employment because of her age.

      b.      Refusing to re-hire Plaintiff and/or place her into a position for which she was qualified and capable of performing.

      c.      Denying Plaintiff employment opportunities because of her age.

      d.      Treating Plaintiff differently than similarly situated younger employees.

      e.      Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment.

      f.      Otherwise discriminating against and disparately treating Plaintiff on the basis of her age with respect to the terms, conditions and privileges of Plaintiff's employment.

65. Defendant further violated the Elliott-Larsen Civil Rights Act by engaging in a pattern and practice of discriminating against older employees, including Plaintiff.

66. As a direct and proximate result of Defendant's violation of Plaintiff's civil rights, Plaintiff suffered damages, including but not limited to, loss of past and future income and employee benefits, mental anguish and emotional distress, physical injuries, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorneys' fees.

### DEMAND FOR TRIAL BY JURY IS HEREBY MADE

                                            s/Donald J. Gasiorek
                                            Donald J. Gasiorek (P-24987)
                                            GASIOREK, MORGAN, GRECO
                                            & McCAULEY, P.C.
                                            Attorneys for Plaintiff
                                            30500 Northwestern Highway, Suite 425
                                            Farmington Hills, Michigan  48334
                                            (248) 865-0001
                                            dgasiorek@gmgpc.com

Dated:   January 20, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KATHERINE HENDERSON**,

    Plaintiff,

Case No.: 12-

vs.

**CHRYSLER GROUP, LLC,**
a Foreign Limited Liability Company,

    Defendant.

---

GASIOREK, MORGAN, GRECO & McCAULEY, P.C.
BY:   DONALD J. GASIOREK (P24987)
Attorney for Plaintiff
30500 Northwestern Highway, Ste. 425
Farmington Hills, Michigan 48334
(248) 865-0001

---

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, by her attorneys, GASIOREK, MORGAN, GRECO & McCAULEY, P.C., demands a trial by jury in this cause.

                              s/Donald J. Gasiorek
                              Donald J. Gasiorek  (P-24987)
                              GASIOREK, MORGAN, GRECO
                              & McCAULEY, P.C.
                              Attorneys for Plaintiff
                              30500 Northwestern Highway, Suite 425
                              Farmington Hills, Michigan  48334
                              (248) 865-0001
                              dgasiorek@gmgpc.com

Dated:   January 20, 2012